## SOMERVILLE *v.* YOUNG.

Evidence received in the lower court without exception, cannot be objected to, on appeal, as inadmissible.

Where a person endorsed negotiable paper of a short date in the county of his late domicil, which the holder had reason to believe was still his domicil, and on being sued as endorser resists the action on the ground that his domicil was in another State and that notice of protest should have been sent to him there, he will be required to establish not only that he had abandoned his former, and acquired a new domicil, but must also show affirmatively that he had given reasonable publicity to the fact, and had left behind him reasonable means of ascertaining his new domicil.

APPEAL from the District Court of Madison, *Curry*, J. *T. N. Peirce*, for the plaintiff, cited 1 Mart. N. S. 323. 7 Mart. N. S. 585. 7 La. 13. Bayley on Bills, 180. 3 Kent 107. 4 Howard's Rep. 347. 2 Caines, 121. 13 Wendell, 367. 5 Binney, 543. 1 Johns. 294. *Thomas* and *Snyder*, for the appellant, cited 11 Rob. 459. Story on Notes, ss. 316, 344. Story on Bills, s. 299. Stat. 13 March, 1837, s. 3. The judgment of the court was pronounced by

SLIDELL, J.   The defendant is sued as endorser upon a note made at
Columbia, Maury county, Tennessee, in July 1839, and protested for non-
payment, in November, 1839.   The defence is want of notice.   The material
facts are as follows : It appears that, in December, 1838, the defendant who
had been a resident of Maury county left Tennessee, and went to the south
with the intention of settling *somewhere* in the southern country ; that, in Ja-
nuary, 1839, he selected Young's Point, in the parish of Madison, La., and
established himself there, but was in the habit of leaving that place in the
summer.   For the first summer or two he returned to Tennessee.

The notary who protested the note sent a messenger with a notice for the
defendant, which was delivered on the same day to the defendant's father, at
his dwelling in Maury county.   He also mailed a notice addressed to the de-
fendant, in Mississippi ; but whether any place in Mississippi was designated,
does not appear.   The notary states that he received the note from the cashier
of the bank of Columbia, the then holder, and sent the notice to the defen-
dant's father, as directed by the cashier ; that he believed, at that time, that
his father's house was Young's permanent home.   He also states : "I did
immediately make diligent enquiry as to the residence of each of said endor-
sers, and sent notices to them as stated above, agreeably to the best information
that I could get ; but upon whose information or what information I proceeded
thus to act, aside from the cashier and my own information and memory gene-
rally, I cannot now recollect, but feel certain that I made diligent search as to
*A. M. Young*, the defendant, and addressed notice to him agreeably to the
information that I had, believing it reliable."

It is very properly said by the counsel for defendant, that the question
of diligence is a mixed question of law and fact ; and the objection that the
notary, instead of detailing all his acts in the matter, has undertaken to say
that he exercised due diligence, would have had much force if a bill of excep-
tions had been taken to his testimony.   It would then have been our duty to
consider whether the circumstance, that an interval of five years had occured
between the protest of the note and the examination of this notary as a witness,
would authorize a relaxation of the strict rules of evidence and let in the testi-
mony for what it might be worth, or whether it should have been excluded.   But
no exception was taken to the introduction of the evidence, and the objection can-
not now be raised.   The case stands before us, therefore, as one in which dili-
gent enquiry is sworn to have been made by a witness, a public officer, whose
testimony is unimpeached ; in which the notice was given according to informa-
tion obtained upon such diligent enquiry, and which the public officer believed
to be reliable.   There is nothing before us from which it can be inferred that
more accurate information could have been obtained in the town of Columbia.
And it must also be observed that, there is no evidence to show that the fact of
*Young's* new residence was generally known.   When he left his home, in
December, 1838, it was, as proved, with the intention of looking out for a
settlement *somewhere* in the south ; but we find him at home again in six months
after this, and the very fact of his endorsing his name in Tennessee, in the
summer of 1839, and of the bank being willing to take him as endorser, goes
very far to dispel the idea that his new domicil could then have been generally
known in Columbia.   It is impossible, under the evidence and circumstances,
to suppose that it could have been known to the bank.   It is out of the usual
course of business of banks to discount notes upon foreign endorsements.

SOMERVILLE
*v.*
YOUNG.

When a man puts his name on negotiable paper, at short date, in the county of his ancient domicil, which the holder has, under the circumstances, reason to believe is still his domicil, and then defends a suit upon such paper upon the ground that his domicil was in another country, and notice should have been sent to him there, it is just to say that he ought not merely to show that, he had abandoned his ancient and acquired a new domicil, but he should also be held to show affirmatively that he had given a reasonable publicity to the fact, and had left behind him reasonable means of ascertaining his new abode.

Upon the whole, we think the district judge was authorized to conclude that reasonable diligence had been shown, and that the notice was sufficient.

Judgment affirmed, with costs, in the name and for the benefit of *Allen Peirse*, in his quality of administrator of the plaintiff, *John Somerville*, deceased.